UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-52-DLB

ANTHONY ROBERT MCDONALD II                      PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

KENTON COUNTY DETENTION CENTER
and SOUTHERN HEALTH PARTNERS                      DEFENDANTS

*** *** *** ***

Anthony Robert McDonald II is an inmate at the Kenton County Detention Center ("KCDC"). McDonald has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 3). This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

McDonald alleges that since December 2018 he has made many requests to receive his medicine and to be seen by a dentist and psychiatrist, to no avail. McDonald contends that defendants KCDC and Southern Health Partners have thus displayed deliberate indifference to his health and wellbeing. (Doc. # 3 at 2, 4).

The difficulty with McDonald's complaint is that he has not named a viable defendant. KCDC is merely a building—it is not a suable entity apart from the county that operates it. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

1

Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe McDonald's claim as one against Kenton County, he makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Likewise, McDonald does not allege his difficulties in receiving medical care are the result of a SHP policy. *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (explaining that to hold a private corporation liable under § 1983, a plaintiff must prove both that there has been a constitutional violation and "that a policy or custom" of the corporation "was the moving force behind the deprivation" of constitutional rights); *Bright v. Gallia Cty., Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

The Court will therefore dismiss the complaint for failure to state a claim against the named defendants. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). However, it will do so to enable McDonald to file a new complaint that identifies proper defendants, such as those persons directly involved with his medical care at the jail, if he chooses. The Court will also deny McDonald's motion to proceed *in forma pauperis* as moot so that he will only incur a filing fee if he decides to file a new complaint.

If McDonald wishes to seek relief in this Court by filing a new civil action, he may obtain a form Civil Rights Complaint [EDKY Form 523] from the Clerk of the Court. McDonald is advised that any new complaint must describe the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.

If he files a new case, McDonald must pay the $350.00 filing fee and the $50.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If McDonald cannot afford to pay the entire filing fee, he may file a motion to pay it in installments under 28 U.S.C. § 1915. However, McDonald is advised that Section 1915 does not permit him to *avoid* paying the filing fee; rather, it simply permits him to file a motion to pay the fee over time rather than paying the full amount of the fee immediately upon filing his complaint. 28 U.S.C. § 1915(b). If he wishes to file such a motion, McDonald must have the Certificate of Inmate Account [EDKY Form 523] certified by prison staff, complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and file both of them with the Court. The appropriate forms may be obtained from the Clerk of the Court.

Finally, McDonald is advised that before he may file suit in court to challenge an action or decision by jail officials, he must complete, in its entirety, the inmate grievance process and pursue all available appeals under KCDC's grievance procedure. 42 U.S.C. § 1997e(a). If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.

Accordingly, it is **ORDERED** that Anthony Robert McDonald's Complaint (Doc. # 3) is **DISMISSED WITHOUT PREJUDICE** and this matter is **STRICKEN** from the Court's active docket.

This 18th day of June, 2019.

Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\ProSe\19-52 MOO Dismissing Case.docx

3